IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:24-cv-00100-MR

| | |
|---|---|
| **JESSE L. SHOOK,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| **CHARLES J. MCNALLY, et al.,** ) | **ORDER** |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the Plaintiff's pro se Complaint [Doc. 1]. Also pending is Plaintiff's Motion for Appointment of Counsel and Request for Jury Trial. [Doc. 11]. The Plaintiff is proceeding in forma pauperis. [Doc. 9].

**I.    BACKGROUND**

The pro se incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Mountain View Correctional Institution, where he is still incarcerated. [Doc. 1]. Before the Complaint had been reviewed for frivolity, the Plaintiff filed an "Amendment" [Doc. 6] and a "Memorandum of Law Brief" [Doc. 7], which were stricken as piecemeal attempts to amend the Complaint. [Doc. 10]. The Plaintiff was granted the opportunity to amend, which he has declined. [Doc. 12].

Accordingly, the Complaint will be reviewed for frivolity. [Doc. 1; see Docs. 10, 12].

The Plaintiff names as Defendants in their individual, official, and supervisory capacities: Mike Slagle, the Mountain View CI warden; Charles J. McNally, NP, a "prison NP (doctor);" and Norma Biddix, NP, a nurse supervisor. [Doc. 1 at 1-3, 5]. He asserts claims for deliberate indifference to a serious medical need in violation of the Eighth Amendment, and for a violation of Article I, § 27 of the North Carolina Constitution. [Id. at 3, 5].

In support of his claims, the Plaintiff makes the following allegations. The Plaintiff sustained a left triceps tear in an inmate assault on June 30, 2022. An MRI was initially delayed for 10 days because he had COVID-19; he finally received an MRI six weeks after the injury, on August 12, 2022. The Plaintiff saw an outside orthopedic doctor on August 19, 2022, who ordered urgent surgery. On October 17, 2022, the Plaintiff was seen on a sick call for worsening pain, at which point a nurse discovered the August 19, 2022 surgery order. The surgery order was entered and approved on October 19, 2022. On October 20, 2022, the orthopedic doctor advised the Defendants that the surgery would be more difficult and had a lower likelihood of success because of the delay in treatment. The Plaintiff, however, was not informed of this prior to the surgery being performed on

November 3, 2022. [Id. at 4-9]. The Plaintiff claims that the delayed surgery caused pain and left him with a significant lifetime physical impairment. [Id. at 9]. The Plaintiff seeks $10 million and "parole since I've served 33 years in prison since I was 20 years old." [Id. at 10].

The Plaintiff has also filed a Motion for Appointment of Counsel and Request for Jury Trial. [Doc. 11].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520

(1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

The body of the Complaint contains allegations against individuals who are not named as defendants in the caption as required by Rule 10(a) of the Federal Rules of Civil Procedure. [See, e.g., Doc. 1 at 6 (referring to Nurse McKinney)]; Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("[T]o make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against

4

the purported defendant a legal nullity."). The Plaintiff also uses vague terms and pronouns rather than identifying the individual(s) involved in each allegation. [See, e.g., Doc. 1 at 5, 10 (referring to "medical staff")]. These claims are too vague and conclusory to proceed insofar as the Court is unable to determine the Defendant(s) to whom these allegations refer.[1] See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F. 3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). The allegations directed at individuals not named as Defendants or which are too vague and conclusory to attribute to any Defendant are, therefore, dismissed without prejudice.

The Plaintiff purports to sue the Defendants, who are state officials, in their official capacities. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the

---

[1] It is unclear whether the Plaintiff's reference to "medical staff" is an attempt to name Mountain View CI's medical department as a Defendant. Had he attempted to do so, "medical staff" would be dismissed as a Defendant because a prison department is not a "person" within the meaning of § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70–71 (1989).

official's office." Will v. Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, the Plaintiff's claims for damages against Defendants in their official capacities do not survive initial review and will be dismissed with prejudice.

The Plaintiff purports to sue Defendants Slagle, McNally, and Biddix for deliberate indifference to a serious medical need for delaying his urgent orthopedic surgery. Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). An official acts with deliberate indifference if he had actual knowledge of the prisoner's serious medical needs and the related risks but nevertheless

6

disregards them. DePaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018). The prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotation marks omitted).

To establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants "acted personally" to cause the alleged violation. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). As such, the doctrine of respondeat superior does not apply in actions brought under § 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). A supervisor can only be liable where (1) he knew that his subordinate "was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury;" (2) his response showed "deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) there was an "affirmative causal link" between her inaction and the constitutional injury." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation marks omitted).

Here, the Plaintiff's claims are too vague and conclusory to plausibly allege that his delayed medical treatment was attributable to any Defendant's deliberate indifference, either personally or as a supervisor, rather than mere negligence. Accordingly, the Plaintiff's claims against Defendants Slagle, McNally, and Biddix for deliberate indifference to a serious medical need are dismissed without prejudice.

The Plaintiff also seeks relief—namely, parole—which is not cognizable in this civil rights action. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see generally 28 U.S.C. § 2254. Thus, to the extent that the Plaintiff is seeking to challenge the fact or duration of his confinement, he must do so, if at all, in a separate civil action.[2]

The Plaintiff asserts a claim under North Carolina law. [Doc. 1 at 5, 8]. The Court declines to exercise supplemental jurisdiction over this claim, as no federal claim has passed initial review. See Artis v. Dist. of Columbia,

---

[2] The Court makes no determinations about the potential merit or procedural viability of such an action.

583 U.S. 71, 74 (2018) (when a district court dismisses all claims independently qualifying for the exercise of federal jurisdiction, it "ordinarily dismiss[es] as well all related state claims."); 28 U.S.C. § 1367(c)(3). Accordingly, the Plaintiff's claim under North Carolina law is dismissed without prejudice.

The Plaintiff has filed a Motion for Appointment of Counsel and Request for Jury Trial. [Doc. 11]. He argues that he has presented the Court with genuine material facts and medical records demonstrating that an Eighth Amendment violation occurred; that a delay in providing urgent surgery caused the Plaintiff significant pain, suffering, and irreversible damage; that it is possible that the Defendants' delay resulted from retaliation; a jury trial is warranted; that the Plaintiff is a layman and has been incarcerated for 33 years; that the Plaintiff completed his GED and other education programs in prison; and that most of his time has been spent as a prison barber. He asks the Court to appoint counsel to represent him, and to order the Defendants to pay the "$400 fee against [him]."[3] [Id. at 3].

There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a

---

[3] It is unclear whether this refers to the $350 filing fee.

private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The existence of exceptional circumstances in each case "hinges on characteristics of the claim and the litigant." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). To make this determination, a court must collectively assess "(1) whether the plaintiff asserts a claim that is not frivolous, (2) the difficulty of the claim, and (3) whether the plaintiff can present the claim considering the skill required to do so and the plaintiff's individual abilities." Jenkins v. Woodard, __ F.4th __, 2024 WL 3490967, at *5 (4th Cir. July 31, 2024) (citing Brock v. City of Richmond, 983 F.2d 1055, 1055 (4th Cir. 1993) (per curiam)). "The district court's failure to make these assessments is legal error." Id. at *5. Where a pro se plaintiff presents a colorable claim but "lacks the capacity to present it" in light of the objective complexity of the claim and the plaintiff's subjective abilities, the case presents "exceptional circumstances." Id. at *4 (quoting Whisenant, 739 F.2d at 162).

In this case, however, the Plaintiff has not yet even demonstrated that this claim will pass initial review, much less that it has potential merit. Until that has been shown, the Court cannot assess the complexity of the claim or what skill may be required to prosecute the same. Therefore, at this stage,

the Plaintiff has failed to meet any of the requirements for establishing exceptional circumstances necessitating the appointment of counsel.

The Plaintiff's other grounds for relief, i.e., claiming retaliation and requesting a jury trial and fees, appear to be attempts to amend the Complaint on a piecemeal basis, which are denied for the reasons previously discussed. [See Doc. 10].

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that the Plaintiff's Complaint fails initial review. The claims against the Defendants in their official capacities for damages are dismissed with prejudice and the remaining claims are dismissed without prejudice. The Plaintiff's pending Motion is denied.

The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted, in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede his previous filings. Piecemeal amendment will not be permitted. Should the Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without further notice.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] fails initial review pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii) and 1915A.

2. The Plaintiff's official-capacity claims for damages are **DISMISSED WITH PREJUDICE** and the remaining claims are **DISMISSED WITHOUT PREJUDICE**.

3. The Plaintiff shall have **thirty (30) days** in which to amend his Complaint in accordance with the terms of this Order. If the Plaintiff fails to so amend his Complaint, this case will be dismissed and closed without further notice.

4. The Plaintiff's Motion for Appointment of Counsel and Request for Jury Trial [Doc. 11] is **DENIED**.

The Clerk is respectfully instructed to mail the Plaintiff a blank § 1983 prisoner complaint form, a blank § 2254 form, and a copy of this Order.

**IT IS SO ORDERED**.

Signed: August 5, 2024

Martin Reidinger
Chief United States District Judge