IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:24-cv-00100-MR

| | |
|---|---|
| **JESSE LEE SHOOK,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| **CHARLES J. MCNALLY, et al.,** ) | **ORDER** |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the pro se Amended Complaint [Doc. 14]. The Plaintiff is proceeding in forma pauperis. [Doc. 9].

**I.    BACKGROUND**

The incarcerated pro se Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983, addressing incidents that allegedly occurred at the Mountain View Correctional Institution. [Doc. 1]. The Plaintiff attempted to amend on a piecemeal basis, which was denied; however, the Court granted the Plaintiff the opportunity to amend. [Doc. 10]. The Amended Complaint is now before the Court for initial review. [Doc. 14].

The Plaintiff names as Defendants Charles J. McNally, a nurse practitioner, and Norma Biddix RN, a medical supervisor.[1] The Plaintiff asserts claims for "U.S. 8th Amendment – cruel and unusual punishment [and] deliberate indifference – delayed medical treatment." [Doc. 14 at 3].

In his Amended Complaint, the Plaintiff makes the following allegations. On June 30, 2022, the Plaintiff suffered a torn triceps muscle. On August 19, 2022, an outside orthopedic surgeon recommended "urgent" surgery; however, Defendants McNally and Biddix "overlooked" the referral and failed to submit a utilization review (UR) request at that time. On October 17, 2022, the Plaintiff submitted a sick call complaining that he had not received surgery and that his condition was worsening. The Plaintiff was seen by a nurse the following day, and Defendant McNally submitted an "urgent" UR request for the surgery on October 19, 2022. However, Defendant Biddix failed to make sure that "the provider" submitted a surgery request to the UR board for approval. By the time the Plaintiff received surgery on November 3, 2022, his triceps muscle had retracted an additional six centimeters, the injury was more difficult to repair, and Plaintiff was left with only 45 degrees of flexion in his arm. He alleges that the delay in

---

[1] The Plaintiff sues Defendant McNally in his individual capacity, and Defendant Biddix in her individual capacity as well as in her supervisory role.

treatment resulted in a "life long [sic] disability." [Id. at 11]. He seeks compensatory damages. [Id.].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which

set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. Deliberate indifference "entails something more than mere negligence," but does not require actual purposeful intent. Farmer v. Brennan, 511 U.S. 825, 835 (1994); Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997). "It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm." Rish, 131 F.3d at 1096 (quoting Farmer, 511 U.S. at 837).

4

To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837; Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976).

A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotation marks omitted). An official acts with deliberate indifference if he had actual knowledge of the prisoner's serious medical needs and the related risks but nevertheless disregards them. DePaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018). The prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

"Mere delay is . . . not enough" to support a deliberate indifference claim. Moskos v. Hardee, 24 F.4th 289, 298 (4th Cir. 2022). The objective

5

Case 1:24-cv-00100-MR   Document 17   Filed 09/25/24   Page 5 of 8

prong requires a plaintiff to show that the alleged delay put him at a "substantial risk" of "serious harm." Id. (quoting Moss v. Harwood, 19 F.4th 614, 625 (4th Cir. 2021); Scinto, 841 F.3d at 225). "A commonplace medical delay such as that experienced in everyday life will only rarely suffice to constitute an Eighth Amendment violation, absent the unusual circumstances where the delay itself places the prisoner at 'substantial risk of serious harm,' such as where the prisoner's condition deteriorates markedly or the ailment is of an urgent nature." Moskos, 24 F.4th at 298.

Mere knowledge of a deprivation is insufficient. Williamson, 912 F.3d at 171. As such, the doctrine of respondeat superior does not apply in actions brought under § 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). While personal involvement is required, it need not be "hands-on." Riddick v. Barber, 109 F.4th 639, 649 (4th Cir. 2024). "Instead, the 'requisite causal connection' between defendant and violation can be established if the defendant 'set[s] in motion a series of acts by others which the actor[ ] know[s] or reasonably should know would cause others to inflict the constitutional injury.'" Id. at 649-50 (citing Amisi v. Brooks, 93 F.4th 659, 670 (4th Cir. 2024) (internal quotation marks omitted) (establishing liability for a person who "subjects, or causes to be subjected," another person to a deprivation of constitutional rights)).

The Plaintiff's claim that the Defendants "overlooked" the orthopedic surgeon's August 19, 2022 note does not state a plausible deliberate indifference claim against either Defendant. See Brennan, 511 U.S. 825, 835 (negligence is insufficient to state a § 1983 claim). The Plaintiff's conclusory contentions that the Defendants were deliberately indifferent are insufficient. [See, e.g., Doc. 14 at 10 (arguing that the Defendants "did draw the inference" because they overlooked a serious medical need "after the known facts had been provided to them"); see Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). Accordingly, the Plaintiff's claims are dismissed without prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Amended Complaint fails initial review and will be dismissed without prejudice. The Court will allow Plaintiff thirty (30) days to file a superseding Second Amended Complaint, if he so chooses, to properly state a claim upon

7

which relief can be granted, in accordance with the terms of this Order. Any Second Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Plaintiff's previous filings. Piecemeal amendment will not be permitted. Should the Plaintiff fail to timely file a Second Amended Complaint in accordance with this Order, the Court will dismiss this action without further notice.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Amended Complaint [Doc. 14] is **DISMISSED WITHOUT PREJUDICE**.

2. The Plaintiff shall have **thirty (30) days** in which to file a superseding Second Amended Complaint in accordance with the terms of this Order. If Plaintiff fails to do so, this case will be dismissed and closed without further notice.

The Clerk is respectfully instructed to mail the Plaintiff a blank § 1983 complaint form and a copy of this Order.

**IT IS SO ORDERED.**

Signed: September 25, 2024

Martin Reidinger
Chief United States District Judge

8

Case 1:24-cv-00100-MR   Document 17   Filed 09/25/24   Page 8 of 8