IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:24-cv-00100-MR

| | |
|---|---|
| JESSE LEE SHOOK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CHARLES J. MCNALLY, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the pro se Second Amended Complaint [Doc. 19]. The Plaintiff is proceeding in forma pauperis. [Doc. 9].

**I. BACKGROUND**

The incarcerated pro se Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983, addressing incidents that allegedly occurred at the Mountain View Correctional Institution ("MVCI"). [Doc. 1]. The Plaintiff attempted to amend on a piecemeal basis, which was denied, and Plaintiff was granted the opportunity to amend. [Doc. 10]. The Amended Complaint was dismissed on initial review and the Plaintiff was, again, granted the opportunity to amend. [Docs. 14, 17]. The superseding Second Amended Complaint is now before the Court for initial review. [Doc. 19].

The Plaintiff again names as Defendants Nurse Practitioner Charles J. McNally and Nurse Narma Biddix. He asserts claims for "delayed medical treatment 8th Amendment deliberate indifference."[1] [Doc. 19 at 3, 5]. The Plaintiff again alleges that he was assaulted in the dayroom by another inmate on June 30, 2022, resulting in a tricep tear, for which an outside orthopedic specialist ordered "urgent" surgery on August 19, 2022. [Doc. 19-1 at 2-3; see id. at 13 (Orthopedic Report)]. The Plaintiff alleges that the Defendants knew that the surgery was "urgent," yet they refused to submit the order to the UR board immediately because there was "too much going on and that time"; that the Defendants told the Plaintiff that the order would be submitted the next morning but that did not come to pass; and that the Defendants acted "intentional[ly] and [were] incompetent" by "choosing to ignore, overlook, not pay attention to" the orthopedic surgeon's request. [Id. at 1-4]. On October 18, 2022, the Plaintiff complained about "not having surgery yet, pain, suffering, and injury getting worse." [Id. at 4]. On October 19, 2022, the surgical order was submitted to U.R., and the Plaintiff received surgery on November 3, 2022, by which point the tricep had retracted further

---

[1] A section titled "Second Amendment" appears to refer to the fact that this is a Second Amended Complaint; the Plaintiff does not appear to assert a violation of his Second Amendment rights. [Doc. 19-1 at 3]. Any such claim would be dismissed because it is unsupported by any factual allegations.

and was more difficult to repair. [Id. 3-5; see Doc. 20 at 4-5]. The Plaintiff claims that the delayed surgery resulted in additional pain and permanent disability. [Id. at 4-5]. He seeks damages. [Id. at 5].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Second Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which

set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The Plaintiff again asserts claims for deliberate indifference to a serious medical need against Defendants McNally and Biddix.[2] Taking the Plaintiff's allegations as true and giving him the benefit of every reasonable inference, the Court finds that the Plaintiff's deliberate indifference claims minimally pass initial review as they are not clearly frivolous.

## IV. CONCLUSION

In sum, the Plaintiff's Second Amended Complaint passes initial review on the Plaintiff's claims for deliberate indifference to a serious medical need.

This Court's Local Rule 4.3 sets forth the procedure to waive service of process for current or former employees of NCDPS in actions filed by North Carolina State prisoners. In light of the Court's determination that this case passes initial review, the Court will order the Clerk of Court to commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants McNally and Biddix, who are alleged to be current or former employees of NCDPS.

---

[2] The applicable legal standards are set forth in the Court's Order on initial review of the Amended Complaint. [See Doc. 17 at 4-6].

4

# ORDER

**IT IS, THEREFORE, ORDERED** that

1. The Plaintiff's Second Amended Complaint [Doc. 19] passes initial review on the Plaintiff's claims for deliberate indifference to a serious medical need.

2. The Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants **Charles J. McNally** and **Narma Biddix**, who are alleged to be current or former employees of NCDPS.

3. **IT IS FURTHER ORDERED** that the Clerk shall mail the Plaintiff an NCPLS Opt-In/ Opt-Out form pursuant to the Standing Order in Misc. Case No. 3:19-mc-00060.

**IT IS SO ORDERED**.

Signed: November 5, 2024

Martin Reidinger
Chief United States District Judge